UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAMES A. BUTLER,

    Plaintiff,

        v.                                        Civil Action No.  02-412 (RBW)

DEPARTMENT OF JUSTICE,

    Defendant.

**MEMORANDUM OPINION**

This matter is before the Court upon remand from the United States Court of Appeals for the District of Columbia Circuit. In its mandate of June 9, 2005, the Circuit Court held that defendant had failed to demonstrate that it had performed an adequate search for responsive documents as required by the Freedom of Information Act (" FOIA"), 5 U.S.C. § 552. The Circuit Court also stated that this Court " may order DOJ to submit a reasonably detailed affidavit upon which the reasonableness of its search can be judged." April 15, 2005 Order. In compliance with the Court of Appeals' Order, defendant has submitted a new declaration in this Court, to which the plaintiff has filed a response.

*Standard of Review*

In order to obtain summary judgment on the issue of the adequacy of the search for records under the FOIA, an agency must show, "viewing the facts in the light most favorable to the requester, that . . . [it] 'has conducted a search reasonably calculated to uncover all relevant documents.'" *Steinberg v. United States Dep't of Justice*, 23 F.3d 548, 552 (D.C. Cir. 1994)

1

(quoting *Weisberg v. United States Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)).  To meet its burden, the agency may submit affidavits or declarations that explain in reasonable detail and in a non-conclusory fashion the scope and method of the agency's search.  *Perry v. Block*, 684 F.2d 121, 126 (D.C. Cir. 1982).  In the absence of contrary evidence, such affidavits or declarations are sufficient to demonstrate an agency's compliance with the FOIA.  *Id*. at 127.  However, the agency must show that it made a "good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested."  *Oglesby v. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990); *see Campbell v. United States Dep't of Justice*, 164 F.3d 20, 27 (D.C. Cir. 1998).  In determining the adequacy of a FOIA search, the Court is guided by principles of reasonableness. *Oglesby*, 920 F.2d at 68.

The Court's inquiry regarding the adequacy of the search focuses on the search itself, not its results.  *Weisberg v. DOJ*, 745 F.2d at 1485.  An agency's failure to find a particular document does not undermine the determination that the search was adequate.  *Wilber v. CIA*, 355 F.3d 675, 678 (D.C. Cir. 2004); *Nation Magazine v. United States Customs Serv.*, 71 F.3d 885, 892 n.7 (D.C. Cir. 1987).

*Discussion*

Following the remand from the Circuit Court, defendant has submitted a declaration from Kathy Hsu, an attorney with the Criminal Division of the DOJ assigned as a Litigation Attorney for the Division's FOIA/Privacy Act Unit.  Declaration of Kathy Hsu ("Hsu Decl.") ¶ 1.  Among her other duties, Ms. Hsu reviews the processing of FOIA requests and assists in determining whether the Division's withholding and disclosure of records was proper under the FOIA.  *Id.* ¶ 2.

In response to plaintiff's request for documents about himself, the DOJ began by searching its centralized records index, *i.e.*, JUSTICE/CRM-001 (Central Criminal Division Index File and Associated Records). *Id.*, ¶ 5.  This system of records contains the names of individuals in potential or actual cases, matters of concern to the Criminal Division, and correspondence regarding subjects directed or referred to the Division.  *Id.*  If a search of this index reveals potentially responsive records, a search request is sent to the section having custody of the records.  *Id.*

In August, 1995, the Criminal Division searched for plaintiff's records in the JUSTICE/CRM-001 using the name "James A. Butler." *Id.*, ¶ 6.  The search of JUSTICE/CRM-001 yielded records responsive to plaintiff's FOIA request.  *Id.*  At plaintiff's request, the Criminal Division also searched for records in the following systems of records: JUSTICE/CRM-002(Criminal Division Witness Security File); JUSTICE/CRM-003 (individuals subject to electronic surveillance); JUSTICE/CRM-004 (General Litigation and Advice Section); JUSTICE/CRM-012 (Organized Crime and Racketeering Section); JUSTICE/CRM-019 (requests to Attorney General for approval of applications for electronic interceptions); JUSTICE/CRM-022 (witness immunity records); and, the Asset Forfeiture Office.  *Id.*, ¶ 7.  In addition, plaintiff's request was transmitted to all sections of the Criminal Division that could possibly have possessed responsive records.  *Id.*, ¶ 8.  Each section conducted a search using the plaintiff's name and any known alias.  *Id.*  With the exception of the Asset Forfeiture Office, none of the sections found any responsive records.  *Id.*

As a result of these searches, defendant released 167 pages of documents, in whole or part, to plaintiff.  *Id.*, ¶ 9.  According to defendant, there are no other sections, offices, or

files likely to contain records responsive to plaintiff's request. *Id.,* ¶ 8.

It is apparent from the Hsu declaration that the DOJ made a "good faith effort to conduct a search for the requested records, using methods which reasonably can be expected to produce the information requested." *Moore v. Aspin*, 916 F.Supp. 32, 35 (D.D.C. 1996)(citing *Oglesby*, 920 F.2d at 68). As such, the search for plaintiff's requested records was adequate to fulfill defendant's obligations under the FOIA, and defendant's declaration as to the search complies with the mandate of the Court of Appeals.

## *Conclusion*

This case was remanded from the Court of Appeals for the sole purpose of determining the adequacy of defendant's search. Having found that the search complies with the standard required by the FOIA and case law interpreting that statute, the Court will grant summary judgment to defendant. A separate order accompanies this Memorandum Opinion.

_____
REGGIE B. WALTON
United States District Judge

DATE: December 21, 2005